UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLOBAL COMMODITIES, INC.,

                                Plaintiff,

                                **REPORT AND**
                                **RECOMMENDATION**
      -against-                             18-CV-5225 (DRH) (ARL)

DAYAX, LLC. And ABDISALAN HUBOR,

                               Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Plaintiff Global Commodities ("Plaintiff") commenced this trademark infringement action on September 17, 2018. On April 4, 2019, Wilson, Keadjian and Browdorf filed a letter seeking permission from Judge Hurley to file a motion to withdraw as the attorney of record for defendants Dayax, LLC and Abdisalan Hubor. ECF No. 15. By Order dated April 8, 2019, the Court directed that Wilson serve the letter seeking permission to file a motion to withdraw as counsel on Defendants and afforded them an opportunity to weigh in on the motion by filing papers with the Court on or before May 8, 2019. Defendants failed to respond. By Order dated May 14. 2019, all parties, including Defendants, were given an opportunity to weigh in on the motion by July 1, 2019. Dayax, LLC was advised that as an LLC it could not proceed *pro se*. *Id.* (citing *Christin Griskie, LLC v. Samsung*, No. 15-CV-3192, 2015 WL 3949023, at *3 (E.D.N.Y. June 29, 2015)).

      By Order dated July 3, 2019, this Court granted the motion of Wilson, Keadjian and Browdorf for leave to withdraw as the attorney of record for defendants Dayax, LLC and Abdisalan Hubor. ECF No. 19. Defendants Dayax, LLC and Abdisalan Hubor were given 30 days to obtain new counsel. *Id.* Defendant Dayax, LLC was once again advised that as a

statutory entity, it could not proceed *pro se*. *Id.* Defendant Dayax LLC was further advised that a failure to obtain new counsel on or before August 3, 2019 might result in a Report and Recommendation to the District Judge that its answer be stricken and a default judgment entered against it. The Order was served on Dayax, LLC on July 3, 2019. ECF No. 20.

A telephone conference was scheduled in this matter for August 13, 2019. Neither defendant appeared for the call, despite defendants having been served with the Order directing them to participate. On August 22, 2019, this Court reported and recommended to the District Court, that Defendant Dayax, LLC's answer be stricken and a default judgment be entered against it because the corporate entity has not appeared by counsel and is not permitted to proceed pro se. ECF No. 24. This report and recommendation was served on both defendants. ECF No. 25.

The final conference in the matter was scheduled for September 19, 2019. *Pro se* defendant Abdisalan Hubor again failed to appear for the conference. Since his counsel has withdrawn, Defendant Hubor has not participated in this action, he did not oppose the motion to withdraw, he has missed two court conferences and he has not objected to the August 22, 2019 Report and Recommendation of this Court.

On September 25, 2019, this Court issued an order to show cause directed at defendant Hubor. Defendant Hubor was directed show cause by October 11, 2019 as to why his answer should not be stricken and a default judgment entered against him. Defendant Hubor was warned that a failure to respond to the order to show cause could result in a recommendation by the undersigned to Judge Hurley that Defendant's answer be stricken and default judgement be entered against him. To date, Defendant Hubor has not responded to the order to show cause.

Rule 16(f) authorizes a court to impose sanctions, including those permitted by Rule

37(b)(2)(A)(ii)-(vii), when a party fails to appear at a court-ordered conference or fails to obey other pretrial orders. Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). When considering whether to impose sanctions under Rules 16 and 37, courts look to several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Sanchez v. Jyp Foods Inc.*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Any sanction short of striking defendant Hubor's answer, such as, prohibiting certain defenses, or finding certain facts in favor of plaintiffs would be "an exercise in futility," since defendant Hubor has not responded to court orders, appeared at court conferences, or otherwise defended this action. *Sanchez*, 2018 U.S. Dist. LEXIS 161120, 2018 WL 4502008, at *4 (quoting *Koch v. Rodenstock*, 2010 U.S. Dist. LEXIS 49054, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 49031, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)) ("Defendants' repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be 'an exercise in futility[.]'").

Given the course of conduct referenced above, it is apparent to the undersigned that the Defendant is unwilling to engage in this litigation and that any lesser sanction than default judgment would merely delay Plaintiff's eventual recovery. In addition, Defendant Hubor has been explicitly warned of the consequences of noncompliance. Accordingly, the Court reports and recommends that Defendant's answer be stricken and a default judgment be entered against

him.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. Defendant Hubor must file its objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for Plaintiff is directed to serve a copy of this Order upon Defendant Hubor forthwith and file proof of service on ECF.

Dated: Central Islip, New York
December 27, 2019

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge