UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GLOBAL COMMODITIES, INC.,

                Plaintiff,

                                              **REPORT AND**
                                              **RECOMMENDATION**
       -against-                              18-CV-5225 (DRH) (ARL)

DAYAX, LLC and ABDISALAN HUBOR,

                Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Hurley for a report and recommendation as to the amount of damages to be awarded to Global Commodities, Inc. ("Plaintiff") following the entry of a default judgment against defendants, Dayax, LLC and Abdisalan Hubor (collectively "Defendants").  Plaintiff has served Defendants with the motion for damages.  Based on the evidence submitted and for the reasons set forth below, the undersigned recommends that the motion for damages be denied, and Plaintiff be awarded attorney's fees of $2,695 and costs of $490.

## BACKGROUND

      The Court presumes familiarity with the facts and procedural history of this case and only includes those facts that are necessary for resolution the instant motion.

      In March 2020, Plaintiff's motion for default was granted and Plaintiff was directed to file a motion for damages. Plaintiff filed a motion for damages on June 1, 2020, which was referred to the undersigned.  By Order dated January 8, 2021, this Court denied Plaintiff's motion for damages and for attorney's fees, with leave to renew because Plaintiff failed to serve the motion on the defaulting Defendants, failed to include a memorandum of law, and did not

properly support the request for damages and attorney's fees. On July 15, 2021, Judge Hurly issued an order to show cause as to why the action should not be dismissed for failure to prosecute in light of Plaintiff's failure to file a renewed motion for damages. On August 13, 2021, Plaintiff filed to the renewed motion for damages. In support of the motion for damages, Plaintiff has submitted an Affidavit from Nazifa Bakhtari, an authorized representative of Plaintiff, dated May 30, 2020, an Affidavit of Todd Wengrovsky dated August 12, 2021 and a Memorandum of Law.

## DISCUSSION

### A.   Damages

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, a default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159.

Plaintiff bears the burden of establishing their entitlement to the amount of damages they

2

seek. *See Trs. of Local 813 Ins. Tr. Fund v. Rogan Bros. Sanitation Inc.*, 2018 U.S. Dist. LEXIS 52116, 2018 WL 1587058, at *5 (S.D.N.Y. Mar. 28, 2018). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (collecting cases). Damages must be established in an evidentiary proceeding or upon a review of detailed affidavits and documentary evidence. *Id*. at 158. While a court must "take the necessary steps to establish damages with reasonable certainty," *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997), a court need not hold a hearing "as long as it ensure[s] that there [is] a basis for the damages specified in [the] default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). In this case, the Court finds that a hearing is unnecessary inasmuch as Plaintiff's submissions have not been contested.

"Under Section 35 of the Lanham Act, a plaintiff seeking damages for counterfeiting and infringement has the option of seeking either actual or statutory damages, but not both."[1] *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 10 (2d Cir. 2012). Here, Plaintiff has elected to recover actual damages pursuant to Section 1117(a) of the Lanham Act. Pl. Mem. at 7. Pursuant to Section 1117(a), a prevailing plaintiff is entitled to recover: (1) defendant's profits; (2) any damages sustained; and (3) costs of the action. *See* 15 U.S.C. § 1117(a). Prevailing plaintiffs may also recover compensation for lost profits during the period that

---

[1] "Plaintiff has opted not to invoke 15 U.S.C. § 1117(c), which alternatively allows for statutory damages." *Microban Products Company v. Iskin Inc.*, No. 14cv5980 (RA) (DF), 2016 U.S. Dist. LEXIS 24119, 2016 WL 4411349, at *5 (S.D.N.Y. Feb. 23, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 109900, 2016 WL 4411414 (Aug. 18, 2016) (citing *Tiffany (NJ) LLC*, 2013 U.S. Dist. LEXIS 114986, 2013 WL 4046380, at *4 (noting that statutory damages pursuant to Section 1117(c) may be sought as an alternative to, not in conjunction with, actual damages, which are governed by Section 1117(a)). "Section 1117(c) was enacted to address the difficulty of calculating actual damages caused by counterfeiters." *Ermenegildo Zenga Corp. v. 56th St. Menswear, Inc.,* No. 06cv7827, 2008 U.S. Dist. LEXIS 48411, 2008 WL 4449533, at *4 (S.D.N.Y. Oct. 2, 2008). Here, however, Plaintiff, is only seeking actual damages.

defendants violated the Lanham Act. *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 753 (2d Cir. 1996). To determine an appropriate award, the Court has broad discretion to use either defendant's profits or plaintiff's actual damages. *AW Indus. Inc. v. Sleepingwell Mattress Inc.*, No. 10 CV 04439, 2011 U.S. Dist. LEXIS 111889, 2011 WL 4404029, at *5 (E.D.N.Y. Aug. 31, 2011), report and recommendation adopted, 2011 U.S. Dist. LEXIS 106308, 2011 WL 4406329 (E.D.N.Y. Sept. 21, 2011); *see also Navika Capital Grp., LLC v. Doe*, No. 14-CV-5968 (DLI) (CLP), 2017 U.S. Dist. LEXIS 2926, at *11-14 (E.D.N.Y. Jan. 6, 2017), report and recommendation adopted by 2017 U.S. Dist. LEXIS 40820 (Mar. 20, 2017) ("where defendant has defaulted and there has been no discovery, it is impossible to determine defendant's profits from the infringing behavior. However, in determining what damages are appropriate, the court has broad equitable discretion")(internal quotation omitted); *Taylor Made Golf Co. v. Carsten Sports. Ltd.,* 175 F.R.D. 658, 661 (S.D. Cal. 1997) (It is clear that in determining what the proper compensation would be in a case of trademark infringement, the court has "broad equitable discretion."). "Proof of actual damages or profits is not necessary, as it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. Thus, the court may rely on circumstantial evidence of the extent of the defendant's wrongdoing to assess damages." *Taylor Made Golf Co.,* 175 F.R.D at 663 (internal citations omitted).

Here, however, Plaintiff has failed to offer a shred of evidence as to either Defendants' profits or its own lost profits. Plaintiff provides only an affidavit from Nazifa Bakhtari, "an authorized representative of Plaintiff," indicating that "Plaintiff's good faith estimate of its damages due to Defendants' infringement is $100,000.00. This is based on Global Commodities' recent investigation regarding a number of retail stores that have offered Defendant's infringing

4

products for sale. This estimate is also based on the price at which such retainers offer the infringing products. This estimate is also based on my personal experience with typical profit margins for this type of product." Bakhtari Aff. at ¶¶ 1, 14-17. This is the same affidavit Plaintiff provided in connection with Plaintiff's initial motion for default damages which this Court rejected as insufficient in its order of January 2021. The affidavit provides no documentary evidence in support of these conclusion and Plaintiff has failed to provide an accounting of lost sales. Indeed, Plaintiff has failed to describe with any concrete facts how its "estimate" of damages was derived. In cases of default, courts in this District allow parties to approximate calculations for damages sustained so long as they can provide a "reasonable basis for [the] computation." *Chloe v. Zarafshan*, No. 06-CV-3140, 2009 U.S. Dist. LEXIS 84255, 2009 WL 2956827, at *5 (S.D.N.Y. Sept. 15, 2009). Plaintiff here has failed to do so. Given that Plaintiff has not provided any evidence or approximations of the calculations necessary to award actual damages and have now had two opportunities to develop the record, the undersigned cannot recommend an award of damages. *See Conan Properties Int'l LLC*, 2018 U.S. Dist. LEXIS 98631, 2018 WL 4522099, at *36 ("[A]n award of actual damages under the Lanham Act must be based on an evidentiary showing, not sheer speculation that plaintiffs suffered a financial loss.") (citing *Hilton v. UK Fragrances, Inc.*, No. 12-CV-6346 (JFB)(AKT), 2014 U.S. Dist. LEXIS 24605, 2014 WL 794304, at *6-8 (E.D.N.Y. Feb. 25, 2014) (collecting cases denying damages against defaulting defendants for insufficient proof)); *Designer Greetings, Inc. v. Shah*, No. 14-CV-5936 (JS) (SIL), 2015 U.S. Dist. LEXIS 176928, at *12, 16, 2015 WL 13745443 (E.D.N.Y. Nov. 25, 2015), report and recommendation adopted, 2016 U.S. Dist. LEXIS 33109, 2016 WL 1029496 (E.D.N.Y. Mar. 15, 2016) (declining to award Plaintiff actual damages noting "Plaintiff does not submit sufficient documentary evidence to support its

5

calculation in a way it can be analyzed by the Court. Nor does it explain [Plaintiff's] calculation in sufficient detail for the Court to consider or replicate it"); *Grand Fia Inc. v. Hakakin*, No. 11-CV-2578 (PGG) (KNF), 2012 U.S. Dist. LEXIS 118158, at *22, 2012 WL 3578175 (S.D.N.Y. Aug. 13, 2012) (failure of plaintiff to provide corroborating evidence of conclusory statement in affidavit resulted in recommendation that no damages be awarded).

**B.    Attorneys' Fees**

Plaintiff seeks attorneys' fees in the amount of $7,685. Pl. Mem. at 8; Wengrovsky Aff. ¶ 29. The Lanham Act allows prevailing plaintiffs to recover for "the costs of the action" and, "in exceptional cases," reasonable attorneys' fees. § 1117(a). In order to justify an award of attorneys' fees under the Lanham Act, the prevailing party must also show that the case is an "exceptional" one. The Supreme Court has explained that an "exceptional case"

> is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014). Under this standard, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 556. The Octane test analyzes whether the case in question "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. at 554. When evaluating whether a case is "exceptional," district courts have "wide latitude" to "engage in a 'case-by-case exercise of their discretion, considering the totality of the circumstances.'" *4 Pillar Dynasty LLC v. N.Y. &*

6

*Co., Inc.*, 933 F.3d 202, 215 (2d Cir. 2019) (quoting *Octane Fitness*, 572 U.S. at 554). "Although the Second Circuit has not specifically addressed whether a default is considered "unreasonable" conduct under Octane Fitness, the Court shares the view of other courts in this district that a '[d]efendant's default — standing alone — is not 'exceptional.'"" *Antetokounmpo v. Costantino*, 21-CV-2198 (JMF) (JLC), 2021 U.S. Dist. LEXIS 239266, at *18, 2021 WL 5916512 (S.D.N.Y. Dec. 15, 2021) (collecting cases).

"Here, although Defendants' default alone is insufficient to deem this an 'exceptional' case, an award of attorneys' fees is appropriate given (1) the substantive strength of [Plaintiff's] litigating position, (2) Defendants' objectively unreasonable conduct, and (3) the need for compensation and deterrence." *Id.*; *see also Experience Hendrix, L.L.C. v. Pitsicalis*, No. 17-CV-1727, 2020 U.S. Dist. LEXIS 115075, 2020 WL 3564485, at *10 (S.D.N.Y. July 1, 2020) ("Given the defaulting defendants' behavior during litigation, including disobeying court orders and refusing to participate in discovery; the lack of a record of an objectively reasonable defense to the plaintiffs' claims of infringement; and the need to deter others from engaging in similar conduct, we conclude that this is an exceptional case and warrants an award of attorneys' fees"). First, based upon even a cursory review of the infringing packaging, it appears Plaintiff has presented a strong case for infringement. Pl. Mem at 3. Second, although Defendants have now defaulted, they initially answered the complaint and agreed to discovery schedule. ECF Nos. 9, 12. In the months that followed, Defendants failed to communicate with counsel, resulting in a motion to withdraw by counsel, failed to appear for several conferences and failed to obey numerous court order. Additionally, Defendants failed to adequately respond to Plaintiff's discovery requests. *See* Affidavit of Todd Wengrovsky, dated August 21, 2019, at ¶26. ECF No. 23. Finally, conduct of this sort needs to be deferred in order to further the purposes of the

7

Lanham Act. Accordingly, the undersigned respectfully recommends that attorneys' fees be awarded in this action.

Where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 542, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)). In *Arbor Hill*, the Second Circuit held that in calculating a "presumptively reasonable fee," courts must consider a multitude of case-specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of hours reasonably spent on the case. 522 F.3d at 184, 190-91. These factors include "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest in achieving the ends of the litigation or might initiate the representation himself," *id*. at 184 – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Johnson factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary

8

fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases. 488 F.2d at 717-19. The Supreme Court has repeatedly stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436).

Fee awards should "generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Toussie v. County of Suffolk,* No. 01-CV-6716, 2012 U.S. Dist. LEXIS 127143, 2012 WL 3860760, at *5 (E.D.N.Y. Sept. 6, 2010) ("The party seeking attorney's fees 'bears the burden of establishing entitlement to an award,' and '[t]he applicant should exercise billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims") (quoting *Hensley*, 461 U.S. at 437). In addition, the reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.,* 722 F.2d 23, 25 (2d Cir. 1983).

In the present case, Plaintiff retained the services of the Law Offices of Todd Wengrovsky. Plaintiffs seek reimbursement for legal services rendered by Todd Wengrovsky at the rate of $275 per hour. Wengrovsky Aff. Ex. A. Plaintiff, however, has failed to provide any information concerning the attorney's professional backgrounds, expertise, or experience. An

9

internet search reveals that the attorney graduated law school in 1996, and therefore, the Court finds this rate to be consistent with the rates awarded in this District.  Courts in this District typically award hourly rates ranging from $275 to $450 per hour for partners in cases such as this.  *See Gesualdi v. Burtis Constr. Co.,* No. CV 20-4864 (ARR) (ARL), 2021 U.S. Dist. LEXIS 246876 (E.D.N.Y. Dec. 28, 2021) (reducing rates of Christopher Smith and Michelle Salerno to $400 and $100, respectively); *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers , Loc. 15, 15A, 15C & 15D, AFL-CIO v. Genrus Corp.*, No. 20 CV4980 MKB RER, 2021 WL 4755704, at *5 (E.D.N.Y. Aug. 16, 2021), report and recommendation adopted sub nom*., Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Genrus Corp.*, No. 20 CV 4980 MKB RER, 2021 WL 3928952 (E.D.N.Y. Sept. 2, 2021).  Accordingly, the undersigned recommends that Todd Wengrovsky be compensated at the rate of $275.

    Having determined the reasonable hourly rates to be used in this case, the Court now turns to the reasonableness of the hours billed.  Here, in his affidavit, counsel claims Plaintiff as paid legal fees to date of  $7,685.00.  However, Wengrovsky has submitted  contemporaneous time records detailing the work/time totaling only $2,695.00 for the period May 2018 through March 2019.  Wengrovsky Aff. Ex. B.[2]   "The number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary."  *Finkel v. Metro Sign & Maint. Corp.*, No. 09 CV 4416, 2010 WL 3940448, at *16 (E.D.N.Y. Aug. 12, 2010) (citing *Labrera v. Frank J. Batchelder Transp. LLC*, No. 08–CV–3387, 2009 WL 245021,

---

[2] The retainer agreement between counsel and his client attached as Exhibit A to the Affidavit, provides that "if, at the termination of services, the total amount incurred is less than the amount of replenishment of the trust account, the difference will be refunded to Client."  Thus, the difference between the amount paid by Plaintiff and the fees actually incurred is covered by this provision.

10

at *4 (E.D.N.Y. Feb. 2, 2009)).  Here, the record reflects that the attorney spent a total of 9.8 hours on this matter.  Wengrovsky Aff., Ex. B.  The time records submitted here describe what tasks were performed on behalf of Plaintiff, the dates on which such tasks were performed, and the amount of time expended.  Based on the foregoing, it is recommended that Plaintiffs be awarded $2,695 in fees.

### C.     Costs

Prevailing parties are generally entitled to cost awards under the Lanham Act. *See* 15 U.S.C. § 1117(a). Court filing fees, process server, photocopies, and other "'out of pocket litigation costs are generally recoverable if they are necessary for the representation of the client.'"  *AW Indus. v. Sleep Well Mattress, Inc.,* No. 07 Civ. 3969 (SLT) (JMA), 2009 U.S. Dist. LEXIS 15567, 2009 WL 485186, at *6 (E.D.N.Y. Feb. 26, 2009) (quoting *Tri-Star Pictures v. Unger*, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999)).  In the present case, Plaintiff is the prevailing party and has submitted an affidavit requesting reimbursement for "Plaintiff's costs to date" which "consist of the $400.00 filing fee and a $90.00 process server fee."  Wengrovsky Aff. at ¶ 28.  The undersigned respectfully recommends Plaintiff be awarded these reasonable costs, which total $490.00.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*.  Defendants must file their objections in writing with the Clerk of the Court within the prescribed time period noted above.  Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the

11

fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for Plaintiff is directed to serve a copy of this Order upon Defendants forthwith and file proof of service on ECF.

Dated:  Central Islip, New York
            January 13, 2022

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge